UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| GREYSTONE COMMUNITY REINVESTMENT ASSOCIATES, INC. | CIVIL ACTION NO. 3:00CV871 (CFD) |
| Plaintiff | |
| VS. | |
| FIRST UNION NATIONAL BANK | AUGUST 20, 2004 |
| Defendant | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION TO RECONSIDER

### I.   PROCEDURAL BACKGROUND

The Defendant, First Union National Bank n/k/a Wachovia Bank, N.A. ("Wachovia") hereby moves that the Court reconsider its Order of August 9, 2004 granting Plaintiff's Motion to Consolidate dated October 8, 2003.

By way of Background, Defendant would show the Court that on October 8, 2003, the Plaintiff moved to consolidate the action entitled (the "Wachovia action") with the matter entitled Greystone Community Reinvestment Associates, Inc. v. Berean Capital, Inc., Civil Action No.: 3:02cv1703 (AWT) (the "Berean Capital action").

ORAL ARGUMENT REQUESTED

Defendant objected to Plaintiff's Motion to Consolidate by Memorandum dated October 28, 2003. Wachovia's position was then, and is now, that the consolidation will cause undue delay in the resolution of the Wachovia action and will furthermore prejudice Wachovia's interest. The Court granted Plaintiff's Motion on August 9, 2004, without a written decision. The Berean Capital action has since been transferred from the docket of Judge Thompson to the docket of this Court.

## II.   DISCUSSION

Since Plaintiff's Motion to Consolidate was filed, Berean Capital's Motion to Dismiss that case for lack of personal jurisdiction was also denied. See Ruling on Motion to Dismiss and Motion for Partial Summary Judgment, dated July 23, 2004 ("Ruling"). However, Wachovia now understands that Berean has filed a Motion to Reconsider that Ruling which motion Greystone will, in turn, oppose. It is also clear from the Court's Ruling in the Berean action that Berean is likely to file a motion for summary judgment since its motion under Fed. R. Civ. P. 12(b)(6) was denied, without prejudice to raising the same issue by way of motion for summary judgment. The result is that the Berean action will be substantially delayed for long into the future on both jurisdictional and substantive issues. Indeed, while the Berean action has been removed to this Court, no discovery has been undertaken by either party except of a jurisdictional nature.

As a result, it is clear that these two cases are not on the same track. The Wachovia action is ready for trial. By contrast, the Berean action is still in its infancy state.

Consolidation will force Wachovia to repeat the cost it has already incurred in the <u>Wachovia</u> action to participate in multiple depositions over nine days and exchange volumes of written documents.

Notably, Wachovia has already incurred the expense of conducting a full week arbitration with Berean Capital on the issues that existed by and between those two parties with respect to the underlying issues. <u>Moreover, since this matter was briefed for the Court, the arbitration award has been confirmed by the United States District Court in North Carolina</u>. As such, the ruling of the arbitrators is final and any and all issues concerning Wachovia and Berean have been resolved. To require both Wachovia and Berean to now relitigate these issues constitutes prejudice. It is simply unfair to face the charge of repeating all of that effort on Wachovia, particularly when Greystone noted the existence of Berean Capital in its very first complaint in this case, but chose not to sue that party.[1]

Furthermore, not only will Wachovia be prejudiced by the undue delay and be forced to incur additional expenses, it is obvious its substantive rights will likewise be jeopardized. Greystone's theory is obviously to point the finger either at Wachovia or at Berean hoping that a jury will find one or both liable. But, since Greystone never added Berean in the original action, Wachovia was not able to file cross-claims against Berean and cannot do so

---

[1] Interestingly, Greystone commenced the <u>Berean Capital</u> action in state court. It was subsequently removed to federal court by Berean. Given Greystone's conscious decision with respect to the filing of that matter in state as opposed to federal court, it is disingenuous for Greystone to now argue that consolidation is necessary.

3

now because its claims or potential claims against Berean have been fully arbitrated. Greystone had every opportunity to plead its case in a single action to assure that all parties

could fully litigate their respective positions.[2] By choosing to bifurcate their filings, the second being filed two years after the first, Greystone has adversely affected the parties rights and that is unacceptable.

**WHEREFORE**, for the foregoing reasons as well as those made in Wachovia's Memorandum of Law in Opposition to Motion to Consolidate filed on October 28, 2003, Wachovia requests this Court reconsider its ruling, vacate said order, and handle these cases separately.

          THE DEFENDANT
          FIRST UNION NATIONAL BANK

          By: _____
          James T. Shearin ct 01326
          Brian C. Roche ct17975
          Pullman & Comley, LLC
          850 Main Street, 8th Floor
          Bridgeport, CT  06604
          Tel. (203) 330-2000
          Facsimile (203) 576-8888
          E-Mail:   jts@pullcom.com
                         bcr@pullcom.com

---

[2] It is paramount for Wachovia to point out to the Court the reason Greystone declined to sue Berean when Greystone originally commenced the Wachovia action. Greystone believed then that Berean would fully cooperate in the Wachovia action and give credibility to the claims Greystone has asserted. When Berean initiated the NASD arbitration, Greystone came to realize that Berean was operating in its own self-interests. Rather than seek to participate in the NASD arbitration as an interested party, Greystone took a gamble and decided to remain on the sidelines. Greystone then waited for almost a year until the arbitration was completed and a decision issued. Upon learning of this result, only then did Greystone finally decide to sue Berean. Greystone's conduct should neither be condoned nor awarded by the Court in this instance.

## CERTIFICATION

This is to certify that a copy hereof was mailed, postage prepaid, on the date hereon to each attorney of record and to all pro se parties of record as follows:

Eliot B. Gersten, Esq.
John J. Robacynski
Gersten & Clifford
214 Main Street
Hartford, CT  06106

Thomas Finn, Esq.
Paul Cruz Cedillo, Esq.
McCarter & English
CityPlace I
185 Asylum Street
36th Floor
Hartford, CT  06103
tfinn@mccarter.com
pcedillo@mccarter.com
860-275-7117 – phone
860-560-5938 – fax

Michael K. Stanton, Jr., Esq.
Halloran & Sage
315 Post Road West
Westport, CT 06880
stanton@halloran-sage.com
203-227-2855

James T. Shearin (ct01326)
Brian C. Roche    (ct17975)

BPRT/59100.1/BCR/527946v1