UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
(HARTFORD)

| | |
|---|---|
| GREYSTONE COMMUNITY REINVESTMENT ASSOCIATES, INC., Plaintiff, | : <br> : CIVIL ACTION NO. <br> : 3:00-CV-871(CFD) <br> : |
| vs. | : |
| FIRST UNION NATIONAL BANK, Defendant. | : <br> : AUGUST 24, 2004 <br> : |

## OBJECTION TO DEFENDANT'S MOTION FOR RECONSIDERATION

The plaintiff, Greystone Community Reinvestment Associates, Inc. (hereinafter "Greystone"), respectfully objects pursuant to Local Rule 7(c) to the defendant's motion dated August 20, 2004 to reconsider the Court's Order dated August 9, 2004 granting Greystone's motion to consolidate dated October 8, 2003 for reason that it is untimely. Local Rule 7(c) requires that motions for reconsideration "be filed and served within ten (10) days of the filing of the decision. Defendant's motion to reconsider was filed and served eleven (11) days of the filing of the decision and is, therefore, untimely.

Additionally, defendant has provided no matters or controlling decisions that the court has overlooked. Specifically, the matters which are the subject of *Greystone Community Reinvestment Associates, Inc. v. Berean Capital, Inc.*, Civil Action No. 302 CV 1703 (AWT) (Dist. of Ct.) have been expressly made known to the Court in Greystone's motion to consolidate[1].

---

[1]. Curiously, First Union labels Greystone's motion to consolidate highly suspect and "disingenuous" because the Berean action was commenced in state court and then removed to federal court by Berean; overlooking the fact that the First Union action was, likewise, commenced in state court and then removed by First Union to

For these reasons, defendant's motion to reconsider should be denied.

                             PLAINTIFF,
                             GREYSTONE COMMUNITY
                             REINVESTMENT ASSOCIATES, INC.

By: _____
       Eliot B. Gersten (ct05321)
       John J. Robaczynski (ct15636)
       Gersten & Clifford
       214 Main Street
       Hartford, CT 06106
       Tel: (860) 527-7044
       Its Attorneys

---

federal court. If anything is "disingenuous" as First Union claims, it is their arguments. First Union further opposes consolidation by means of ignoring the reason why Berean was brought into the litigation. As set forth in the First Amended Complaint in the Berean action, it clear that Berean was contacted for a general release in order for the settlement to proceed. First Union fails, however, to advise the Court that Berean was contacted because First Union demanded their release. Having invited Berean to the party, First Union cannot in good faith now object to allowing Berean to dance. Further, shortly after receiving the release request, Berean filed the NASD arbitration against First Union. In this regard, First Union fails to inform the Court that Greystone had no independent right to intervene in the NASD arbitration and neither First union nor Berean saw fit to include Greystone.

## CERTIFICATE OF SERVICE

This is to certify that on August 24, 2004, a copy of the foregoing was mailed, postage prepaid, to the following:

James T. Shearin, Esq.
Brian C. Roche, Esq.
Pullman & Comley LLC
850 Main Street
P.O. Box 7006
Bridgeport, CT 06601-7006

Thomas J. Finn, Esq.
McCarter & English LLP
CityPlace I
185 Asylum Street
Hartford, CT 06103

The Honorable William I. Garfinkel
United States District Court
915 Lafayette Boulevard
Bridgeport, CT 06604

_____
John J. Robacynski