**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * *  * | |
| GREYSTONE COMMUNITY  * | |
| REINVESTMENT ASSOCIATES, INC.  * | CIVIL ACTION |
| * | NO. 3:00CV871 (CFD) |
| Plaintiff  * | |
| VS.  * | |
| * | |
| FIRST UNION NATIONAL BANK  * | |
| * | AUGUST 30, 2004 |
| Defendant  * | |
| * * * * * * * * * * * * * * * * * * * * * * * *  * | |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION FOR RECONSIDERATION**

The Defendant, First Union National Bank n/k/a Wachovia Bank, N.A. ("Wachovia") hereby submits this Reply Memorandum in Further Support of its Motion for Reconsideration directed to the Court's Order dated August 9, 2004 granting the plaintiff's, Greystone Community Reinvestment Associates, Inc. ("Greystone"), Motion to Consolidate.  In its Objection to Wachovia's Motion for Reconsideration, Greystone contends that Defendant's Motion for Reconsideration should be denied as untimely.  Respectfully, Greystone's position is incorrect.  As Greystone correctly notes in its Objection, the Court's Order on the Motion to Consolidate was dated August 9, 2004.  The Defendant's Motion for Reconsideration was filed August 20, 2004.  Local Rule 7(c)1 allows a party ten days from the filing of a decision to seek reconsideration.  As this Court is well aware, Rule 6 of the Federal Rules of Civil

ORAL ARGUMENT REQUESTED

Procedure provides that "[w]hen the period prescribed or allowed is less than eleven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." Fed. R. Civ. P. 6(a); see also D. Conn. L. Civ. R. 6 (consistent with Federal Rule 6 unless specifically articulated).  Plaintiff's calculation in this instance obviously includes intervening weekends.  Here, Wachovia's Motion was filed one day early.[1]

For all those reasons set forth in the Defendant's Motion for Reconsideration, it is respectfully requested that the Court reconsider its decision dated August 9, 2004 granting Greystone's Motion to Consolidate and vacate the same.

          THE DEFENDANT
          FIRST UNION NATIONAL BANK

          By: _____
              James T. Shearin ct 01326
              Brian C. Roche ct17975
          For: Pullman & Comley, LLC
              850 Main Street, 8th Floor
              Bridgeport, CT  06604
              Tel. (203) 330-2000
              Facsimile (203) 576-8888
              E-Mail:   jtshearin@pullcom.com
                             broche@pullcom.com
              Its Attorneys

---

[1] The Plaintiff also argues that the Defendant has not pointed out matters which the Court overlooked in ruling on the original Motion to Consolidate.  A review of the Defendant's Motion, however, demonstrates that the Defendant brought to the Court's attention (1) the new fact that the NASD Arbitration Award by and between Berean and Wachovia had since been confirmed, (2) the vast difference between the procedural posture of both cases given Berean's impending motion practice, among several other issues.

## **CERTIFICATION**

This is to certify that a copy hereof was mailed, postage prepaid, on the date hereon to each attorney of record and to all pro se parties of record as follows:

Eliot B. Gersten, Esq.
John J. Robacynski
Gersten & Clifford
214 Main Street
Hartford, CT 06106

Thomas Finn, Esq.
Paul Cruz Cedillo, Esq.
McCarter & English
CityPlace I
185 Asylum Street
36th Floor
Hartford, CT 06103
tfinn@mccarter.com
pcedillo@mccarter.com
860-275-7117 – phone
860-560-5938 – fax

Michael K. Stanton, Jr., Esq.
Halloran & Sage
315 Post Road West
Westport, CT 06880
stanton@halloran-sage.com
203-227-2855

_____
Brian C. Roche

BPRT/59100.1/BCR/529016v1