UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
(HARTFORD)

| | |
|---|---|
| GREYSTONE COMMUNITY REINVESTMENT ASSOCIATES, INC., Plaintiff, | : CIVIL ACTION NO.: 3:00-CV-871(CFD) |
| vs. | : |
| FIRST UNION NATIONAL BANK Defendant. | : |
| GREYSTONE COMMUNITY REINVESTMENT ASSOCIATES, INC., Plaintiff, | : CIVIL ACTION NO.: 3:02-CV-1703(CFD) |
| vs. | : |
| BEREAN CAPITAL, INC. Defendant. | : NOVEMBER 24, 2004 |

## PLAINTIFF'S OBJECTION TO MOTION TO EXTEND DEPOSITION

Plaintiff, Greystone Community Reinvestment Associates, Inc. (hereinafter "Greystone"), hereby objects to defendant, Berean Capital, Inc's (hereinafter "Berean"), motion to extend the deposition of Howard Brown (hereinafter "Brown") to 11 hours. Rule 30(d)(2) of the Federal Rules of Civil Procedure provides a "one day of seven hours" limit for the deposition of witnesses. Berean has not met its burden of proof in addition to causing a financial hardship to Brown as set forth below.

Fed.R. Civ. P. 30(d)(2). Rule 30(d)(2), however, allows the Court to grant additional time if "needed for a fair examination of the deponent or if the deponent or another person, or other

circumstance, impedes or delays the examination." Id. Examples of grounds for granting an extension include whether a witness requires an interpreter, the examination covers events occurring over a long period of time or extensive documents, if multiple parties are deposed, or if someone impedes or delays the examination. See Fed.R. Civ. P. 30(d) advisory committee note. Berean fits into none of these examples. Rather, Berean has been provided with approximately 20 hours of transcript (covering four days) from the deposition of Brown in the companion case of *Greystone Community Reinvestment Associates, Inc. v. First Union National Bank*, Civil Action No. 300 CV 871 (CFD) (Dist. of Ct.) covering the same documents, claims and subject matters. Further, Berean has been provided with both Greystone's and First Union's motions for summary judgment with accompanying key documents in addition to the Affidavit of Brown. The process of wading through a multitude of documents has been eliminated and there is very little, if anything, that has not been organized, simplified or covered.

The "party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order." Fed.R. Civ. P. 30(d) advisory committee note. In this case, Berean has not demonstrated to the Court that additional deposition time is necessary. Berean alludes to "substantial materials" and a "myriad of issues", but provides no detail showing that such documents and issues were not previously known or were not covered at length in the approximate 20 hours of deposition already taken, or that further questioning on these documents and issues is reasonably calculated to lead to the discovery of admissible evidence. See, Jensen v. Astrazeneca LP, No. 02-4844 (D. Minn. August 30, 2004) (attached as Exhibit 1)

Lastly, Brown is currently consulting for a New York law firm and cannot obtain additional time off without losing the assignment at a significant financial hardship to himself and his family.

Because Berean has provided no evidence by which the court might determine whether additional deposition time is necessary (especially in light of the hardship to Brown), Berean, as the moving party, have failed to meet the burden to demonstrate that additional time is necessary. For the reasons set forth above, the Berean should be denied deposition time beyond the 7 hours permitted by Rule 30(d)(2).

PLAINTIFF,

By: _____
Eliot B. Gersten (ct05213)
John J. Robacynski (ct15636)
GERSTEN & CLIFFORD
214 Main Street
Hartford, CT 06106
Tel: 860-527-7044
Its Attorneys

## CERTIFICATE OF SERVICE

This is to certify that on November 24, 2004, a copy of the foregoing was mailed, postage prepaid, to the following:

Thomas J. Finn, Esq.
Paula Cruz Cedillo, Esq.
McCarter & English LLP
CityPlace I
185 Asylum Street
Hartford, CT 06103

James T. Shearin, Esq.
Brian C. Roche, Esq.
Pullman & Comley LLC
850 Main Street
P.O. Box 7006
Bridgeport, CT 06601-7006

John J. Robacynski, Esq.