UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
(HARTFORD)

| | |
|---|---|
| GREYSTONE COMMUNITY REINVESTMENT ASSOCIATES, INC., Plaintiff, | : CIVIL ACTION NO.: 3:00-CV-871(CFD) |
| vs. | |
| FIRST UNION NATIONAL BANK Defendant. | |
| GREYSTONE COMMUNITY REINVESTMENT ASSOCIATES, INC., Plaintiff, | : CIVIL ACTION NO.: 3:02-CV-1703(CFD) |
| vs. | |
| BEREAN CAPITAL, INC. Defendant. | : NOVEMBER 30, 2004 |

## REPORT OF PARTIES' PLANNING MEETING
(Greystone v. Berean)

**PARTIES:**

Plaintiff:   GREYSTONE COMMUNITY REINVESTMENT ASSOCIATES, INC.

Defendant:   BEREAN CAPITAL, INC.

**DATE COMPLAINT FILED:**

This action was removed to Federal Court pursuant to 28 U.S.C. §1441, et seq. on September 23, 2002. The First Amended Complaint was subsequently filed on April 10, 2003.

**DATE COMPLAINT SERVED:**

On August 23, 2002, the Plaintiff, Greystone Community Reinvestment Associates, Inc. (hereinafter "Greystone"), commenced this action by service of a Summons and, Complaint, on

Berean Capital, Inc. (hereinafter "Berean") and thereafter filed said action in Connecticut Superior Court for the Judicial District of Hartford at Hartford (hereinafter, the "State Court Action").

**DATE OF DEFENDANT'S APPEARANCE:** September 23, 2002.

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 38, a conference was held on December 1, 2002. The participants were: John J. Robacynski, Esq. for Plaintiff, Greystone and Michael K. Stanton, Esq. for Defendant, Berean. A second conference was held on November 30, 2004. The participants were: John J. Robacynski, Esq. for Plaintiff, Greystone and Paula Cruz Cedillo, Esq. for Defendant, Berean.

## I. CERTIFICATION

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II. JURISDICTION

### A. *Subject Matter Jurisdiction*

Jurisdiction is premised upon 28 U.S.C. §1332.

### B. *Personal Jurisdiction*

Berean contested the Court's exercise of personal jurisdiction pursuant to Connecticut long arm statute, C.G.S. § 33-929(f), by filing a Motion to Dismiss First Amended Complaint, dated June 6, 2003. Particularly, Berean sought the dismissal of this action on grounds that Berean is not subject to any of the provisions of C.G.S. § 33-929(f), nor does it have sufficient

contacts with Connecticut that would comport with the requirements of the Due Process Clause. The Court denied the Motion by its Ruling dated July 23, 2004

### III. BRIEF DESCRIPTION OF CASE

**A.  *Claims of Plaintiff*:** Greystone claims that Defendant Berean breached its agreement to protect Greystone's confidential information. Greystone retained Berean to find a venture partner to pursue and promote a unique and confidential CRA Mortgage Securitization concept created by Greystone and to protect Greystone's confidential and proprietary information during the process. As part of this undertaking, Berean introduced Greystone to First Union National Bank ("First Union") and later negotiated a confidentiality agreement with First Union that was intended to protect Greystone's interests. Months after receiving Greystone's confidential information, First Union secretly undertook a competing CRA Mortgage Securitization and usurped Greystone's transaction. The present action arises because Greystone's unique idea was not protected by Berean, Greystone's agent, and because Berean did not support its principal. In a separate action captioned Greystone Community Reinvestment Associates v. First Union National Bank, First Union has alleged that the Confidentiality Agreement is: 1) only a non-circumvention agreement intended to protect Berean; 2) not intended to protect Greystone or its information; and 3) not intended to preclude First Union from undertaking its own CRA Securitization.

**B.  *Defenses and Claims of Defendant*:** Berean denies the allegations of the First Amended Complaint in their entirety and contends that Greystone has failed to state any cause of action upon which relief may be granted. Berean also maintains that any damages that Greystone may have incurred, which Berean denies, were not caused by Beran, but rather by the acts or omissions of First Union, a third party over which Berean has no control. Berean

further maintains that Greystone's claims are barred or otherwise precluded by the parties' lack of privity, the doctrines of acquiescence, waiver, consent, and/or estoppel, res judicata, applicable statute of limitations, and the termination of the parties' agreement.

## IV.   STATEMENT OF UNDISPUTED FACTS

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following materials facts are undisputed:

1. Greystone is a Connecticut corporation with its principal place of business in Hartford, Connecticut.

2. Berean is a Delaware corporation with its principal place of business in Chicago, Illinois.

3. The Confidentiality Agreement prohibited First Union from disclosing any information it received in connection with the proposed CRA Mortgage Securitization at issue in this action.

4. First Union issued a competing CRA Mortgage Securitization following the disclosure of the confidential information it received pursuant to the Confidentiality Agreement.

5. First Union issued a competing CRA Mortgage Securitization .

## V.   CASE MANAGEMENT PLAN

### A.   *Standing Order on Scheduling in Civil Cases.*

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:.

### B.   *Scheduling Conference with the Court.*

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

**C.  Early Settlement Conference.**

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. The parties, as well as representatives of First Union, will participate in a settlement conference before the Honorable William I. Garfinkel, United States Magistrate Judge, on December 7, 2004.

2. The parties do not request an additional settlement conference at this time.

3. The parties prefer a settlement conference with Magistrate Judge Garfinkel.

4. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 36.

**D.  Joinder of Parties and Amendment of Pleadings.**

1. No additional parties need to be joined.

**E.  Discovery.**

1. The parties anticipate that discovery will be needed on the following subjects:

(a) The business relationship between Berean and Greystone.

(b) Greystone's alleged engagement of Berean to act as its agent with respect to the CRA Mortgage Pool Securitization.

(c) The September 1996 Confidentiality Agreement entered into between Berean and First Union including but not limited to the purpose of said Agreement.

(d) Berean's dealings with First Union.

(e) Greystone's dealings and communications with First Union.

(f) Berean's arbitration against First Union.

(g) The concept and development of the CRA Mortgage Securitization.

(h) The issuance of a competing CRA Mortgage Securitization by First Union and Bear Stearns.

2. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will commence immediately and be completed (not propounded) by May 31, 2005.

3. Discovery will not be conducted in phases.

4. Discovery will be completed by May 31, 2005..

5. The parties anticipate that the Plaintiff will require a total of 3 depositions of fact witnesses and that the Defendant will require a total of 5 depositions of fact witnesses. The depositions will commence immediately and be completed by May 31, 2005.

6. The parties may request permission to serve more than 25 interrogatories.

7. Plaintiff may call expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by February 1, 2005. Depositions of any such experts will be completed by April 31, 2005.

8. Defendant may call expert witnesses at trial. Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by April 1, 2005. Depositions of any such experts will be completed by May 31, 2005.

9. A damages analysis will be provided to any party who has a claim or counterclaim for damages by June 1, 2005.

**F.**   *Dispositive Motions.*

Dispositive motions will be filed on or before August 1, 2005.

*G.     Joint Trial Memorandum.*

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed thirty (30) days after the Court rules on any dispositive motions. If no dispositive motions are filed, then the Joint Trial Memorandum will be filed when directed by the Court.

**VI.     TRIAL READINESS**

The case will be ready for trial by September 2005.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

THE PLAINTIFF,
GREYSTONE COMMUNITY
REINVESTMENT ASSOCIATES,
INC.

By: _____
Eliot B. Gersten ct05231
John J. Robacynski. ct15636
Gersten & Clifford
214 Main Street
Hartford, CT 06106
Tel. (860) 527-7044

THE DEFENDANT,
BEREAN CAPITAL,
INC.

By: _____
Thomas J. Finn ct20929
Paula Cruz Cedillo ct23485
McCarter & English LLP
CityPlace I
185 Asylum Street
Hartford, CT 06103
Tel. (860) 275-6700