UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GREYSTONE COMMUNITY : | |
| REINVESTMENT ASSOCIATES, INC. : | |
|     Plaintiff, : | |
| : | |
| v. : | Civil Action No. 3:00CV871(CFD) |
| : | |
| FIRST UNION NATIONAL BANK, : | |
|     Defendant. : | |

**RULING ON MOTION TO RECONSIDER**

On October 3, 2003, the plaintiff, Greystone Community Reinvestment Associates, Inc. ("Greystone"), moved to consolidate the above-captioned action ("the Wachovia action") with Greystone Community Reinvestment Associates, Inc. v. Berean Capital, Inc., No. 3:02cv1793 (AWT) ("the Berean action"). The defendant in the above-captioned action, First National Bank n/k/a Wachovia Bank, N.A. ("Wachovia") objected to the motion to consolidate. On August 9, 2004, this Court granted Greystone's motion [see Doc. #116], and the cases were consolidated before this Court. [Doc. # 117]. Now pending before the Court is Wachovia's motion for reconsideration of the August 9, 2004 order. **[Doc. # 118]**. For the following reasons the motion for reconsideration is **GRANTED**, and after reconsideration, this Court's ruling dated August 9, 2004, is affirmed.

Wachovia asserts that the consolidation of this action with the Berean action "will cause undue delay in the resolution of [this action] and will furthermore prejudice [its] interest." These are the same grounds upon which Wachovia objected in its October 28, 2003 memorandum in opposition to consolidation. Those grounds were fully considered by this Court prior to the ruling on the motion to consolidate, and need not be addressed further.

In its motion for reconsideration, Wachovia also argues that, since the date of this Court's ruling, an arbitration award in a dispute between Berean Capital and Wachovia has been confirmed by the United States District Court in North Carolina. Although this arbitration award may have resolved all issues between those two parties, as argued by Wachovia, it does not appear that it resolved all issues with respect to Greystone. Therefore, this factor does not counsel against consolidation.

Wachovia also argues that the Wachovia action is fully briefed and ready for trial, while the Berean action still is in the infancy stage of litigation. Thus, Wachovia claims that it will experience costly delays if forced to repeat the discovery and briefing costs it already has incurred in the Wachovia action. Given the common questions of law and fact between the two cases, however, any additional costs and delays experienced by Wachovia are outweighed by considerations of judicial economy, fairness, the need to avoid unnecessary repetition and confusion at trial, and the need to avoid conflicting results. See 8 Moore's Federal Practice 3d ed. §42.10[4] (discussing factors which favor consolidation under Fed. R. Civ. P. 42(a)).

Therefore, Wachovia's motion for reconsideration **[ Doc. # 118]** is **GRANTED**, and after consideration, this Court's ruling dated August 4, 2004, is affirmed. However, Wachovia may move to separate the actions for trial at a later date.

SO ORDERED this __9th__ day of March 2005, at Hartford, Connecticut.

/s/ CFD
**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**